UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TREELINE 990 STEWART PARTNERS LLC,

                Plaintiff,            MEMORANDUM & ORDER
                                                        10-CV-5234 (JS)(ETB)
      -against-

RAIT ATRIA LLC, RAIT PARTNERSHIP,
L.P., RAIT GENERAL, INC. and
990 STEWART AVENUE INVESTORS LLC,

                Defendants.
----------------------------------X
APPEARANCES:
For Treeline:       Richard Carl Schoenstein, Esq.
                   Saterlee Stephens Burke and Burke LLP
                   230 Park Avenue
                   New York, NY 10169

For Defendants:
RAIT:              Dana Burroughs Klinges, Esq.
                   Suzan Jo, Esq.
                   Duane Morris LLP
                   30 South 17th Street
                   Philadelphia, PA 19103-4196

990 Stewart Ave.:  Lisa R. Schoenfeld, Esq.
                   Schlissel Ostrow Karabatos, PLLC
                   200 Garden City Plaza, Suite 301
                   Garden City, NY 11530

SEYBERT, District Judge:

        The Court has reviewed the parties' arguments over whether to drop 990 Stewart Avenue Investors LLC ("990 SAC") as a Defendant. Before reaching that question, the Court seeks clarification of certain facts.

        **First**, it is apparently undisputed that, for diversity purposes, Defendant RAIT Atria, LLC is a Cayman Islands citizen,

because its sole member is a Cayman Islands citizen. But the Court lacks complete information concerning Plaintiff Treeline Stewart Partners LLC's ("Treeline") citizenships. In this regard, the Court notes that, notwithstanding the poor phrasing of its November 17, 2010 Electronic Order, the relevant inquiry is <u>not</u> whether Treeline is a Cayman Islands citizen for diversity purposes. Instead, based on the original Complaint, the Court must know whether Treeline is, for diversity purposes, a citizen of any foreign state. See <u>Universal Licensing Corp. v. Paola del Lungo S.p.A.</u>, 293 F.3d 579, 581 (2d Cir. 2002) ("diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens"). It is irrelevant whether that foreign locale is the Cayman Islands. <u>Id.</u> (no diversity even though plaintiff and defendants were citizens of different foreign states).

**Second**, the Court notes that joining RAIT General, Inc. ("RAIT Inc.") and RAIT Partnership, L.P. ("RAIT LP") might impact diversity. In their motion papers, the RAIT Defendants contend that Treeline fraudulently joined 990 Stewart Avenue Investors LLC, but do not expressly make that argument with respect to RAIT Inc. or RAIT LP. Based on the Amended Complaint's uncontested allegations, RAIT Inc. is a citizen of

Maryland and Pennsylvania. But the Amended Complaint does not identify RAIT LP's citizenships, which are the citizenships of its constituent partners. See Groupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004). Given the addition of these new Defendants, the Court now needs complete information concerning their citizenships, as well as Treeline's citizenships.

**Consequently**, the Court hereby ORDERS the following:

1. Treeline must, within 20 days of the date of this Order, submit a Declaration based on personal knowledge that lists **all** its citizenships for diversity purposes. Because Treeline is an LLC, this means it must identify every U.S. and foreign state that its members are citizens of, for diversity purposes. And, as Treeline's members themselves are LLCs, Treeline must identify every U.S. and foreign state that the members of its constituent members are citizens of, for diversity purposes. If Treeline's citizenships have changed during the course of this litigation, the Court reminds Treeline that diversity is measured "at the time of removal and at the time the state court complaint was filed." Albstein v. Six Flags Entertainment Corp., 10-CV-5840, 2010 WL 4371433, at *2 (S.D.N.Y. 2010).

2. RAIT LP must, within 20 days of the date of this Order, submit a Declaration based on personal knowledge that

lists **all** its citizenships for diversity purposes, and thus must identify the citizenships of each of its constituent partners.

       3.    If it turns out that the presence of RAIT Inc. or RAIT LP destroys diversity, the RAIT Defendants must clarify, within 30 days of the date of this Order, whether they contend that their joinder is fraudulent, in a brief not to exceed 10 pages.

       4.    Treeline may respond to any such brief within 10 days of its filing on ECF.

                                 SO ORDERED.

                                   /s/ JOANNA SEYBERT_____
                                   Joanna Seybert, U.S.D.J.

Dated:    April __6__, 2011
            Central Islip, New York